STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 131-10-13 Vtec |

| | |
|---|---|
| Vermont Agency of<br>Natural Resources,<br>Petitioner,<br><br>v.<br><br>James Howard and<br>Jesse James Howard,<br>Respondents. | **JUDGMENT ORDER** |

This environmental enforcement action came on for trial on May 28, 2014; the trial was conducted at the Vermont Superior Court, Civil Division (Windham Unit) in Newfane, Vermont. The Court conducted a visit to the subject site, with the parties present, on the afternoon of May 27, 2014.  In attendance at both the site visit and trial were John Zaikowski, Esq., attorney for the Vermont Agency of Natural Resources ("ANR"), James Howard, Jesse James Howard, and the Howards' attorney, Richard K. Bowen, Esq.

ANR sought to enforce the August 12, 2013 Administrative Order ("the AO") issued to James and Jesse James Howard ("the Respondents") in which ANR alleged that the Respondents were committing two violations of state environmental protection laws or regulations: (1) maintenance of an outdoor wood boiler ("OWB") with a ventilation stack that did not have sufficient height, in violation of the Vermont Air Pollution Control Regulations ("APCR"); and (2) failure to retire a non-certified OWB, as directed by 10 V.S.A. § 584(g).

In response to the AO, the Respondents timely filed a request that this Court conduct a de novo hearing on the claimed violations, pursuant to 10 V.S.A. § 8012.

After all parties had a full opportunity to present admissible evidence at the May 28, 2014 hearing, the Court took a brief recess to conduct its deliberations and legal research.  The Court reviewed its notes from the testimony offered and the exhibits admitted, including that which was put in to context by the site visit.  The Court thereafter reconvened the hearing and announced its Findings of Fact, Conclusions of Law, and Order.  This Judgment Order is filed to provide a summary of those Findings and Conclusions; to the extent the reader wishes to review the Court's Findings and Conclusions, the reader is referred to the record of the May 28, 2014 hearing.

Based upon the evidence presented, the Court found that the Respondents occupy two homes that are located at 11 Hemlock Hollow in the Town of Putney, Vermont.  Jesse James Howard currently occupies the main house near the adjoining town highway, known as Aiken Road; his father, James Howard, occupies the recently renovated home at the rear of the

property.  The OWB alleged to be causing the violations at issue in this case serves as a heat and hot water source for the main house.  It is not a certified OWB.

The Respondents' property contains about 47.4± acres, of which 35± acres are wooded. Respondents harvest, cut, and split wood from their property for use each year in the OWBs that serve each of their residences.  They sometimes also purchase full length logs to cut and split as their firewood.  The elder Mr. Howard credibly testified that they tend to burn six to eight cords of wood in the main house OWB each year.

The main house OWB is about 265 feet away from the nearest adjoining residence.  That residence and the lot on which it sits are owned by Elisabeth McCauley.[1]  Ms. McCauley resides in this home with her companion, Daniel Bennett.  Mr. Bennett is the sole source of the complaints against the Respondents regarding the OWB that serves the main house.

The APCR require that for an OWB more than 200 feet but less than 500 feet from a separate residence, the ventilation stack must be higher than the roof of the house it serves. VPCR § 5-204(c)(2)(i)(B), Code of Vt. Rules 12 031 001, available at http://www.lexisnexis.com/hottopics/codeofvtrules.  The OWB serving the Respondents' main house is connected to a ventilation stack that was about three to four feet below the peak of the main house roof.

ANR officials investigated Mr. Bennett's complaint by visiting Respondents' property and discovered that the Respondents' OWB stack was below their roof peak.  Upon being advised of the APCR requirements, Respondents extended their OWB ventilation stack to a height above the main house roof peak.  The Court therefore concluded that while the Respondents were in violation of APCR § 5-204(c)(2)(i)(B), they cured this violation in a prompt and timely manner.

ANR officials credibly testified about their responses to Mr. Bennett's complaints and why the ANR officials concluded that Mr. Bennett's complaint, specifically about smoke blowing towards the residence he shares with Ms. McCauley, was valid.  Upon cross examination, however, ANR officials admitted that they had not observed smoke from Respondents' OWB blowing towards the McCauley/Bennett residence.  Both of the Respondents testified that in their decades of residing on the property, wind and smoke generally follows the terrain of their property, which rises from the northwest and travels down the natural valley to the southeast and across Aiken Road.  Both Respondents credibly testified that the smoke from their OWB does not travel towards the McCauley/Bennett residence.

We found Mr. Bennett's testimony less than credible.  He offered scant examples of why he complained and admitted that he had not voiced his complaint to the Respondents, either before or after he complained to ANR.  Animosity has developed between these neighbors; the basis Mr. Bennett offered for the ill will towards the Respondents lacked credibility as well. During direct and cross examination, Mr. Bennett was abrasive and evasive in his responses; he rarely spoke directly to the Court, leaving the Court with another reason to question his credibility.

---

[1]  The Court did not record the proper spelling for Ms. McCauley's name.  We regret any spelling errors.

When a non-certified OWB is located more than 200 feet from another residence, it is not required to be retired or replaced with a certified OWB, unless it "has resulted or results in a complaint regarding emissions, including particulate matter or smoke, that the agency has determined is <u>valid</u>." 10 V.S.A. § 584(g) (emphasis added). Given the Court's credibility determinations outlined above, the Court concluded that Mr. Bennett's complaint about the Respondents and their main house OWB was <u>not</u> a valid complaint.

Given these factual determinations, the Court concluded that Respondents had not committed a violation of 10 V.S.A. § 584(g) in the course of operating their main house OWB.

As a consequence of these legal and factual determinations, the Court does hereby **AFFIRM** ANR's determination that Respondents caused a violation of the Air Pollution Control Regulations by maintaining their main house OWB with a ventilation stack below the peak of their roof. Since the Respondents timely cured this violation, we decline to award any penalties for this violation against the Respondents and in favor of ANR. In light of the above and the Findings and Conclusions announced at the May 28, 2014 hearing, we **REVERSE** ANR's determination that Respondents were operating their OWB in violation of 10 V.S.A. § 584(g) and do hereby **VACATE** the August 12, 2013 Administrative Order issued by the Commissioner of the Department of Environmental Conservation of the Vermont Agency of Natural Resources.

This Judgment Order completes the current proceedings before this Court.

Electronically signed at Newfane, Vermont on June 10, 2014, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division